UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEDZILLA, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>SCISTAFF SERVICES LLC, a New Jersey limited liability company; LEADINGSCIENCE.COM, a Massachusetts sole proprietorship corporation; S.J. McKEARNEY, INC., a Massachusetts corporation; and SCOTT McKEARNEY, an individual,<br><br>  Defendants. | No. C06-506-MJP<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STRIKE; ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT; ORDER GRANTING DEFENDANT McKEARNEY'S MOTION FOR LEAVE TO AMEND ANSWER; ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S REPLY |

This matter comes before the Court on:

1. Plaintiff's motion to strike Defendant McKearney's answer,

2. Plaintiff's motion for entry of default judgment,

3. Defendant McKearney's motion for leave to amend his answer, and

4. Defendants' motion to exclude Plaintiff's reply.

The Court hereby GRANTS Motion No. 3 and DENIES Motion No. 1, 2, and 4.

**Background**

Medzilla filed suit against SciStaff Services, LeadingScience.com, S.J. McKearney Inc. ("corporate defendants"), and Scott McKearney ("McKearney") for unauthorized use of Medzilla's electronic communications and transmissions. (Dkt. No. 1). Medzilla subsequently moved for voluntary dismissal of SciStaff Services. (Dkt. No. 11). McKearney appeared, on behalf of himself and corporate defendants, and responded to the complaint on September 1, 2006. (Dkt. No. 16). Medzilla then moved for entry of default judgment and to strike McKearney's pleading. (Dkt. No. 17).

ORDER - 1

After a series of pleadings were filed and a continuance granted, counsel appeared for defendants on October 27. (Dkt. No. 32). Additional pleadings eventually were filed, including a response to Medzilla's motion, an answer to the complaint, and a motion by McKearney to amend his answer. (Dkt. No. 32-35). The Court re-noted Medzilla's motion for entry of default judgment to November 17, 2006. (Dkt. No. 36).

Medzilla filed a reply on November 16. (Dkt. No. 37). Defendants moved to exclude Medzilla's over-length reply (Dkt. No. 40), to which plaintiff filed an amended reply on November 17 (Dkt. No. 41).

## Analysis

### I. Medzilla's motion to strike McKearney's answer is denied

Medzilla has not stated the rule under which it brings this motion, cited any legal ground supporting this motion, or cited any legal precedent in which a court has struck a defendant's answer for not complying with Fed. R. Civ. P. 7, 8, or 11. Although Medzilla argues that McKearney's answer was improperly served, they do not describe how service was improper. Accordingly, Medzilla's motion to strike is denied.

### II. Medzilla's motion for entry of default judgment is denied

#### A. Motion is premature

Medzilla appears to be seeking entry of a default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (Dkt. No. 17 at 4). Before the court considers a default judgment, Medzilla must obtain an entry of default from the Clerk pursuant to FRCP 55(a). Because default has not been entered by the Court, Medzilla's motion is premature and is denied.

#### B. Motion is improper under the Eitel factors

Although Medzilla argues that it has suffered undue prejudice, this is not one of the factors the Court considers in determining whether or not to grant a default judgment. See Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). The factors listed in Medzilla's reply deal with dismissals for failure to comply with court orders. (Amended Reply at 5). Because defendants have appeared and dispute most of the allegations in the complaint, the motion for entry of default is denied.

### III. McKearney's motion for leave to amend his answer is granted

Medzilla argues that McKearney's failure to meet court-appointed deadlines does not constitute excusable neglect under Fed. R. Civ. P. 6(b)(2), but the rule for a motion to amend is Fed. R. Civ. P. 15(a).  See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003).  Although Medzilla argues that McKearney has repeatedly failed to meet court-appointed deadlines, "undue delay by itself ... is insufficient to justify denying a motion to amend." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712-13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999)).  McKearney's motion for leave to amend is therefore granted.

### IV. Defendants' motion to exclude Medzilla's reply is denied

Defendants moved to exclude Medzilla's reply for exceeding the six-page limit.  Medzilla filed an amended reply on November 17, 2006.  Under FRCP 15(a), a party has twenty days to amend a pleading once it has been served.  Because Medzilla's amendment falls well within this timeframe, the motion to exclude is denied.

### Conclusion

The Court denies Medzilla's motion to strike McKearney's answer because Medzilla does not state which rule it brings the motion under and does not cite any legal ground.  Medzilla's motion for default judgment is also denied because it is premature and is improper under the Eitel factors.  In addition, the Court grants McKearney's motion to amend.  Medzilla has not shown that it has suffered undue prejudice or that any other factors warrant denial.  Finally, the Court denies defendants' motion to exclude Medzilla's reply because it was neither untimely nor prejudicial.  The Court therefore GRANTS Motion No. 3 and DENIES Motion No. 1, 2, and 4.

The Clerk of the Court shall direct a copy of this order be sent to all counsel of record.

Dated this 14th day of December, 2006.

Marsha J. Pechman
U.S. District Judge

ORDER - 3