UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MEDZILLA, INC.,

    Plaintiff,

v.

SCISTAFF SERVICES LLC, a New Jersey limited liability company; LEADINGSCIENCE.COM, a Massachusetts sole proprietorship corporation; S.J. McKEARNEY, INC., a Massachusetts corporation; and SCOTT McKEARNEY, an individual,

    Defendants.

No. C06-506-MJP

ORDER DENYING SCISTAFF SERVICES, LLC'S MOTION TO DISMISS CROSS-CLAIM OR SEVER AND TRANSFER CROSS-CLAIM

    Third-Party Defendant SciStaff Services LLC ("SciStaff") seeks dismissal of the claim filed against it by Defendant/Third-Party Plaintiff S.J. McKearney, Inc. ("McKearney Inc.") or, in the alternative, that the claim be severed and either transferred or stayed. For the reasons stated below, the Court finds SciStaff's grounds for dismissal and severance to be unpersuasive, and therefore DENIES the motion.

**Background**

    SciStaff is a one-man operation licensed as a limited liability corporation in New Jersey. Their business is placing biotech and pharmaceutical professionals in jobs. They have no office, employees, property or presence in the State of Washington, and do not solicit business here. Medzilla is a Washington corporation dedicated to warehousing electronic resumes.[1] SciStaff contracted with Medzilla for monthly access to their database. Among the contract provisions

---

[1] McKearney Inc. claims that the Medzilla resume database is located in Washington, but (as SciStaff points out) provides no proof of that claim.

ORD ON MTN
TO DISMISS - 1

were agreements that Washington law would govern, that disputes would be litigated in King County, and that only SciStaff would use the database access code which Medzilla provided.

McKearney Inc. was an independent sub-contractor intermittently hired by SciStaff and paid on a contingency basis. They had no written agreement. In April, 2006, Medzilla sued SciStaff, McKearney Inc. and others for violations of federal and state statutes related to allegedly improper access of Medzilla's database. Medzilla and SciStaff settled their portion of the case and SciStaff was dismissed as a defendant in July, 2006. In November 2006, an answer was filed on behalf of the remaining defendants, at which time McKearney Inc. asserted a "cross-claim" for indemnification against SciStaff, claiming that it had acted as SciStaff's agent. It is that claim which SciStaff seeks to dismiss by this motion.

SciStaff seeks dismissal on several grounds:

1. Under FRCP 12(b)(2), for lack of personal jurisdiction
2. Under FRCP 12(b)(3), for improper venue
3. Under FRCP 13(g), because they are improperly named as a "co-party"
4. Under 28 U.S.C. § 1367(c)(1), because the cross-claim raises a "novel and complex issue" of New Jersey law.
5. Alternatively, severance and transfer to the U.S. District Court for the District of New Jersey is sought under 28 U.S.C. § 1404 or 28 U.S.C. § 1406.

The analysis will address each ground separately.

**Analysis**

Personal Jurisdiction

Both sides are in agreement that no general personal jurisdiction exists – SciStaff does not have "substantial and continuous activities" within Washington. Pac Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1327 (9th Cir. 1985).

SciStaff argues further there are no grounds upon which to exercise specific personal jurisdiction and the Court must disagree. The elements of specific personal jurisdiction are:

ORD ON MTN
TO DISMISS - 2

1. Purposeful availment of the privilege of conducting business within the forum
2. Claims arising out of forum-related activities
3. Reasonableness in the exercise of jurisdiction

Doe v. Unocal Corp., 248 F.3d 915, 923 (9th Cir. 2001).

SciStaff did purposefully avail itself of the privilege of conducting business here when it contracted with Medzilla, a Washington corporation, to access its database of resumes. Furthermore, it agreed to be governed by Washington law and to try any claims arising out of the contract in King County, Washington. McKearney Inc.'s claims against SciStaff arise out of activities related to that agreement: although SciStaff correctly points out that there is no evidence that the actual database is housed here, Medzilla's presence in this forum – creating, updating and maintaining the database, wherever it is – is sufficient forum-related activity. And it is reasonable that, having contracted with a Washington business (and having agreed to Washington law and forum provisions), SciStaff should be subject to this forum's jurisdiction when contract-related claims arise.

Venue

SciStaff presents its venue argument as though it were a first-party defendant answering a suit by a first-party plaintiff, pointing out that the company has no business presence in Washington and none of the events related to McKearney Inc's indemnification claim occurred here. McKearney, Inc. responds as though it were a first-party plaintiff trying to defend its choice of forum.

Neither party appears to have grasped the fact that, as a third-party defendant, SciStaff cannot avail itself of traditional venue analysis. A number of federal jurisdictions hold that "the reasons which give the court jurisdiction over an ancillary proceeding by virtue of its jurisdiction over the principal action, likewise support the conclusion that venue in the ancillary proceeding may depend or rest upon the venue in the main proceeding." U.S. v. Acord, 209 F.2d 709, 714 (10th Cir. 1954)

Since the Court has subject matter jurisdiction over Medzilla's and McKearney Inc's claims (either independently or on an ancillary basis) and has personal jurisdiction over SciStaff,

ORD ON MTN
TO DISMISS - 3

1  "statutory venue limitations have no application to [FRCP] 14 claims even if they would require
2  the third-party action to be heard in another district had it been brought as an independent
3  action." Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1445. See Gundle
4  Lining Const. Corp. v. Adams County Asphalt, Inc,. 85 F.3d 201, 209-210 (5th Cir. 1996)
5  (disallowing a motion to transfer venue by a third-party defendant over whom the court had
6  personal jurisdiction).

7  "Co-party" or third-party defendant

8        SciStaff points out that, since they were not a party to the case at the time when
9  McKearney Inc's cross-claims were filed (they had already settled Medzilla's claims against
10 them), they are not properly named as "co-parties" as required by FRCP 13(g). On this basis,
11 SciStaff claims a right to be dismissed. McKearney Inc. concedes that it was an error to designate
12 their claim against SciStaff as a cross-claim and asks the Court to exercise its discretion to re-
13 designate their pleading as a third party claim under FRCP 14.

14       There is precedent for this. In Raytheon Aircraft Credit Corp. v. Pal Air Intern, Inc., 923
15 F.Supp. 1408 (D. Kan. 1996), the court opted to remedy an improper filing of a cross-claim by
16 treating it as a third-party pleading under FRCP 14 and re-designating the parties in the caption.
17 Such a result here would not offend principles of equity or due process. But for SciStaff settling
18 its claims prior to McKearney Inc. filing its answer, it would have been properly named as a co-
19 party. SciStaff has adequate notice of the existence of the lawsuit and the issues and claims.
20 McKearney Inc. will be permitted to amend their pleading to re-designate SciStaff as a third-party
21 defendant.

22 Supplemental jurisdiction

23       SciStaff argues that because McKearney Inc.'s indemnification claim pertains to limited
24 liability companies, it involves a "novel or complex issue of State law" and on that basis
25 supplemental jurisdiction may and should be declined under 28 U.S.C. § 1367(c)(1). There is
26 general agreement between the parties that New Jersey law applies to this question; what this
27 motion puts at issue is whether the Court should retain jurisdiction or either dismiss the claim or
28 transfer it to New Jersey federal court.

ORD ON MTN
TO DISMISS - 4

The Court recognizes that retention of supplemental jurisdiction is a matter of discretion, not of right. <u>In re Latex Glove Products Liability Litigation</u>, 373 F.Supp.2d 1205, 1207 (W.D.Wash. 2005). Jurisdiction may be declined on a statutory basis (such as SciStaff seeks here) and may also be refused in consideration of issues of economy, convenience, fairness, and comity. <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966); <u>Executive Software North Am., Inc. v. U.S. District Court</u>, 24 F.3d 1545, 1555-57 (9th Cir. 1994).

SciStaff bases its argument that McKearney Inc.'s third-party claim raises a "novel and complex" issue of New Jersey law on two grounds. First, the language of New Jersey limited liability company law regarding indemnification is permissive ("may, and shall have the power to, indemnify")[2] rather than mandatory.[3] Second, the issue of a limited liability company's indemnification obligations appears to be one of first impression in New Jersey.

But New Jersey has long recognized that common law principles of indemnification govern in the absence of express provisions to the contrary. <u>Mettinger v. Globe Slicing Mach. Co., Inc.</u>, 153 N.J. 371, 380 (1998) (citing <u>Promaulayko v. Johns Manville Sales Corp.</u>, 116 N.J. 505, 510-11 (1989)). And it is also the law of that jurisdiction that in order for a statute to supercede or nullify the common law, it must express or specifically do so. <u>Matter of Tierney</u>, 175 N.J. Super. 614, 623 (1980). SciStaff has cited to no provision of New Jersey's limited liability company statutory scheme overruling the common law indemnification principles governing that state's jurisprudence.

As both parties have pointed out, New Jersey law recognizes that an independent contractor can be a principal's agent. <u>Sodexho Operations, LLC v. Director, Division of Taxation</u>, 21 N.J. Tax 24, 38-39 (Tax Ct. 2003). At this juncture, the resolution of the issue is simply a matter of applying the facts of this case to the common law factors enumerated in the Restatement of Agency § 220(2), as the Supreme Court of New Jersey did in <u>Mavrikidis v. Petullo</u>, 153 N.J. 117, 132 (1998). This Court adjudges itself as competent to accomplish that

---

[2] N.J.S.A. 42:2B-10

[3] New Jersey corporation law states that a corporation "shall indemnify a corporate agent." N.J.S.A. 12A:3-5(4).

ORD ON MTN
TO DISMISS - 5

analysis as a court in SciStaff's home state, and therefore sees no need to either dismiss McKearney Inc.'s claim or transfer it to the federal courts in New Jersey.

The Court also finds no merit in SciStaff's suggestion that their portion of the case be severed and stayed pursuant to FRCP 42 pending resolution of the primary claims between Medzilla and the remaining defendants. FRCP 42(b) contemplates the furtherance of convenience, the avoidance of prejudice and the attainment of economy in ordering a separate trial. To do so in this instance would accomplish none of those goals and would instead necessitate the re-litigation of common issues should McKearney prevail in the principal litigation and then have separately prove its right to indemnification.

## Conclusion

SciStaff is subject to the personal jurisdiction of this Court and, as a third-party defendant, is bound by the propriety of venue as determined by the underlying lawsuit. The company is not entitled to dismissal based on McKearney Inc.'s failure to properly implead them and McKearney Inc. will be permitted to re-designate SciStaff as a third-party defendant. Finding that this claim represents neither a novel nor complex issue of state law, the Court chooses to exercise supplemental jurisdiction over the claims and to consider it simultaneously with the primary causes of action.

SciStaff's motion to dismiss or sever the claims against it is therefore DENIED.

Dated:  June _20__, 2007

_____
Marsha J. Pechman
U.S. District Judge